**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **DSD SHIPPING, A.S.,** | * | **1:15-CR-00102** |
| **DANIEL PAUL DANCU,** | * | |
| **BO GAO,** | * | |
| **XIAOBING CHEN, and** | * | |
| **XIN ZHONG** | * | |
| | * | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**MOVANT'S MOTION FOR DEPOSITION**

COMES NOW the United States of America, by and through its attorney Kenyen R. Brown, United States Attorney for the Southern District of Alabama, and hereby responds in opposition to Movant's motion for Rule 15 depositions. The motion should be denied because Movant is not detained and not eligible for Rule 15 relief, nor are there "exceptional circumstances" that warrant preservation of his trial testimony in the interest of justice. In support thereof the United States submits the following.

**BACKGROUND**

1.      On November 8, 2014, a crewmember aboard the crude oil tanker M/T STAVANGER BLOSSOM, contacted the United States Coast Guard (USCG) and reported that the vessel was engaged in deliberate overboard discharges of waste oil without the use of required pollution prevention equipment. On or about November 12, 2014, the M/T STAVANGER BLOSSOM docked at the Plains Terminal in Mobile, Alabama, and USCG inspectors discovered corroborating evidence of the illegal discharges and the intentional

falsification of the ship's Oil Record Book, a required log book regularly inspected by the USCG to determine compliance with United States and International law.  After the initial USCG inspection, additional evidenced was brought to light regarding certain discharges of plastic and the falsification of the M/T STAVANGER BLOSSOM's Garbage Record Book.

2.      Because of what it found during the inspection, the USCG detained the M/T STAVANGER BLOSSOM in the Port of Mobile from November 12, 2014, until an Agreement on Security was satisfied on November 26, 2014.  As is common in this type of matter, the USCG negotiated an Agreement on Security with the vessels owner and operator to preserve evidence, assure the rights of the seafarers, and to post a surety bond while this matter was further investigated.

3.      Pursuant to the agreement, Movant and 11 other crewmembers voluntarily left the vessel on November 26, 2014, and were paroled into the United States.  The agreement required that Movant be housed in a hotel within the Southern District of Alabama, provided his full salary, collect a meal allowance of $51.00 per day, and receive health care coverage during his stay.  Movant has received a Significant Public Benefit Parole which permits him to legally remain in the United States during the pendency of this matter.

4.       On April 29, 2014, a grand jury in the Southern District of Alabama returned an indictment charging the vessel's corporate owner and four crewmembers with obstructing justice, in violation of 18 U.S.C §§1505 and 1519; witness tampering, in violation of 18 U.S.C. § 1512; violating the Act to Prevent Pollution from Ships, in violation of 33 U.S.C. § 1908(a); and conspiracy to commit these offenses, in violation of 18 U.S.C. § 317.  (*See* Doc. 1).

5.      Trial in this matter is set for the Court's October term, just three months from now.  Accordingly, the defendant has voluntarily remained in the United States for approximately seven months, and his testimony will be needed just three months from now.

## MOVANT'S POTENTIAL TESTIMONY

6.      Movant was interviewed by USCG investigators during the course of the investigation.  Movant began working aboard the M/T STAVANGER BLOSSOM on March 11, 2014, and was employed as an Engine Cadet.  His responsibilities included assisting other engine room crewmembers with their duties in order to learn the operations of the engine room and enable promotion within the department during a subsequent voyage.  As the Engine Cadet, Movant worked with all 11 crewmembers, including the charged defendants, who currently reside in the Southern District of Alabama pursuant to the Agreement on Security.  Movant has direct knowledge of the responsibilities and duties of the defendants and operations within the engine room, such as the measurement of oily-wastes aboard the vessel and the use of the vessel's pollution prevention equipment.  Notably, Movant is also familiar with the vessel's Oil Record Book, those who made entries in the book, and its use aboard the vessel.   The Movant therefore possesses informant material to the trial in this matter, and information not readily available from other witnesses.

7.      On June 22, 2014, Movant filed his Motion for Deposition requesting that the Court "direct the parties to take his deposition, or in the alternative, to allow him to leave Mobile, Alabama and return for trial."  (*See* Doc. 53 at 1.)  The government respectfully requests that this Court deny Movant's motion.

## STANDARD OF REVIEW

8.     Federal Rule of Criminal Procedure 15 allows for the limited use of depositions in criminal cases.  Specifically, Rule 15(a)(1) of the Criminal Rules provides that a party may move to depose a witness in order to preserve the witness' testimony for trial.  Fed. R. Crim. P. 15(a)(1).  A Court may grant the party's motion when exceptional circumstances exist that justify the preservation of a witness' testimony and when doing so would be in the interests of justice.  *Id.  See also United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992) (holding that a party, either the defendant or the government, must show "exceptional circumstances" to justify a witness deposition under Rule 15(a)).

9.     A witness may independently request to be deposed under Rule 15.  Rule 15(a)(2) provides that a "witness who is *detained* under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties."  Fed. R. Crim. P. 15(a)(2) (emphasis added).  Under § 3144, a Court may order the arrest and detention of a witness who is material to a criminal proceeding and whose presence cannot be secured by subpoena.  *See* 18 U.S.C. § 3144.  However, a material witness may not be detained because of the inability to comply with release conditions "if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."  *Id.*

10.    Where a material witness detained under § 3144 moves for a deposition pursuant to Rule 15(a)(2), that witness need not demonstrate "exceptional circumstances" justifying the deposition.  *Allie*, 978 F.2d at 1404, n.4 (reasoning that 18 U.S.C. § 3144 modifies the "exceptional circumstances" requirement of Rule 15(a) with regard to motions for depositions made by detained witnesses.).  *See also Torres-Ruiz v. United States Dist. Court for Southern Dist. of California,* 120 F.3d 933, 936 (9th Cir. 1997) (finding that two detained witnesses need

4

not show "exceptional circumstances" under Rule 15(a)(2)).  The Court's discretion to deny a

witness' motion "is limited to those instances in which the deposition would not serve as an

adequate substitute for the witness' live testimony: that a 'failure of justice' would ensue were

the witness released."  *Torres-Ruiz,* 120 F.3d at 935.

## ARGUMENT

### I.      Because Movant is not detained, a Rule 15 deposition is inapplicable.

11.     Rule 15 does not provide Movant with the relief he seeks.  As an initial matter,

because Movant is not a party to the pending matter, his request for a deposition is controlled by

Rule 15(a)(2).  Depositions under Rule 15(a)(2) are limited to detained witnesses.  Notably, the

rule is explicitly titled "Detained Material Witness" and allows only those witnesses who are

"*detained* under 18 U.S.C. § 3144" to request a deposition.  Fed. R. Crim. P. 15(a)(2) (emphasis

added).  *See also Allie*, 978 F.2d at 1404 (noting that the reference to depositions on the motion

of a witness is specifically limited to detained witnesses under Rule 15(a)).  Movant is in the

United States voluntarily subject to the Agreement on Security and is not detained for purposes

of 18 U.S.C. § 3144.  Moreover, Movant has repeatedly expressed his willingness to testify (*See*

Doc. 53 at 1-2), and it is appears unlikely that a material witness warrant will be necessary to

secure his presence at trial.  Accordingly, Movant is not eligible for a deposition on his own

motion under Rule 15(a)(2).

12.     Movant's detention is not guaranteed even if he becomes uncooperative and is

deemed a material witness under § 3144.  Pursuant to 18 U.S.C. § 3142, material witnesses who

are arrested may be released if there are conditions of release that would secure their presence at

trial.  If a material witness warrant were issued for Movant, the Court could place Movant on an

unsecured bond, obtain possession of his passport, and restrict his travel to the Southern District

of Alabama.  In that scenario, Movant would still not satisfy the detention requirements of Rule

15.  *See Torres-Ruiz,* 120 F.3d at 936 (noting that § 3144 was designed to remedy the detention

of material witnesses who could not satisfy a nominal surety bond).

13.     Moreover, a deposition of Movant under Rule 15 is an inadequate substitute for

his live testimony and admission of a deposition would result in a failure of justice.  The use of

depositions threatens both the factfinder's ability to observe the demeanor of the deposed, and

the defendants' Sixth Amendment confrontation rights.  *United States v. Drogoul*, 1 F.3d 1546,

1552 (11th Cir. 1993).  Thus, depositions in criminal cases are generally disfavored.  *Id.* at 1551;

*United States v. Milian-Rodriguez*, 828 F.2d 679, 686 (11th Cir. 1987); *United States v. Wilson*,

601 F.2d 95, 97 (3rd Cir. 1979).  Requiring Movant to testify as a live witness at trial allows both

the government and the defendants the opportunity to fully develop his testimony, and allows the

jury to evaluate his demeanor.  Further, Movant's live testimony ensures the preservation of the

defendants' confrontation clause rights.  *See gen. United States v. Yates*, 438 F.3d 1307, 1315

(11th Cir., 2006) (holding that defendant's Sixth Amendment rights were compromised by

admission of trial testimony via video conferencing); *Ecker v. Scott*, 69 F.3d 69, 71 (5th Cir.

1995) ("The Confrontation Clause expresses a preference for live testimony, which allows the

jury to observe the witness's demeanor and the opposing counsel to cross examine the witness.").

Considering Movant's availability, his willingness to testify, and the close proximity of the trial

date, the preference for live testimony weighs against obtaining a deposition of Movant for use at

trial.

14.     Finally, because Movant is available for trial a deposition would be inadmissible

and would not aid the parties.  "An order authorizing a deposition to be taken under [Rule 15]

does not determine its admissibility." Fed. R. Crim P. 15(f).  In order to be admissible, Movant

must be unavailable pursuant to Federal Rules of Evidence 804(a), which requires that Movant at

least refuse to testify or be otherwise absent from trial.  Fed. R. Evid. 804(a)(2), (4), and (5).  *See*

*also Crawford v. Washington*, 51 U.S. 36, 68-69 (2004) (holding that admission of a witness's

testimonial statements are barred unless the witness is unavailable to testify at trial).  Movant has

stated he is "willing, if necessary, to return for trial" if he is deposed and returns to China.  (*See*

Doc. 53 at 2).  Thus, even if the parties deposed Movant it is unlikely that the deposition would

be admissible at trial.  "[I]f there is very little chance that a deposition will be admissible—if the

witnesses are available to testify live, for example—the district court need not engage in the

wasteful practice of authorizing useless depositions."  *Drogoul*, 1 F.3d at 1557.  Accordingly,

countervailing factors exist that make taking a deposition unjust to both the government and

defendants.

## II.       There are no exceptional circumstances warranting a deposition.

15.       Movant's request for a deposition must also fail under a Rule 15(a)(1) motion by

the parties because exceptional circumstances do not exist that require a deposition.  The

justification for taking depositions, plainly stated, is to avoid an injustice.  "[O]rdinarily,

exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent

is unavailable for trial and the absence of his or her testimony would result in an injustice,"

*Drogoul,* 1 F.3d at 1552; or a "failure of justice," *United States v. Cohen*, 260 F.3d 68, 78 (2d

Cir. 2001).  The Eleventh Circuit has found that a witness must be material and unavailable to

testify at trial in order to find exceptional circumstances.  *United States v. Carter*, 776 F.3d 1309,

1325 (11th Cir. 2015) (quoting *United States v. Ramos*, 45 F.3d 1519, 1521-1522 (11th Cir.

1995)).  *See also United States v. Ismaili*, 828 F.2d at 159 (3d Cir. 1987) (Movant's ability to

7

show "exceptional circumstances" is based upon whether the movant has established both the materiality of the testimony and the unavailability of the witness for trial).  It is the burden of the moving party, to establish "exceptional circumstances" justifying the taking of a Rule 15 deposition.  *Drogoul*, 1 F.3d at 1552.

16.     As discussed above, Movant is not unavailable for trial.[1]  "[A] substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial, or even having declared willingness to testify cannot be subpoenaed if he changes his mind." *Ramos*, 45 F.3d at 1522.  *See also Drogoul*, 1 F.3d at 1557 ("[T]he only proper use of a deposition in a criminal case is as substitute testimony when a material witness is unavailable for trial.").  Movant is available because he is willing to testify at trial.  His motion alleges that he "remains willing to testify in this case."  (*See* Doc. 53 at 2).  Because Movant is willing to testify, he is not unavailable for purposes of Rule 15.  "In the ordinary case, exceptional circumstances do not exist when the prospective deponent has declared that he or she is willing to testify at trial." *Drogoul,* 1 F.3d at 1557.

17.     Further, even if Movant subsequently refuses to testify, he is located currently in the Southern District of Alabama and is therefore presently within the subpoena power of the Court.  The parties' ability to subpoena him to provide trial testimony also makes him available for trial and not eligible for a deposition under Rule 15.  Because Movant is available he cannot establish an exceptional circumstance or an injustice that warrants a deposition under Rule 15.

---

[1] At this stage, the government concedes that Movant's testimony would be material inasmuch as he was involved with the daily operations of the vessel's Engine Room.

## CONCLUSION

WHEREFORE the United States respectfully submits that Movant's Motion for

Deposition should be denied.

Dated at Mobile, Alabama this 2nd day of July, 2014.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

*/s/ Michael D. Anderson*
MICHAEL D. ANDERSON
Assistant United States Attorney

*/s/ Shane N. Waller*
SHANE N. WALLER
Trial Attorney
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that, on July 2nd, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for petitioner.

*/s/ Michael D. Anderson*
Michael D. Anderson
Assistant United States Attorney